## WARREN F. PLUNKETT AND OTHERS v. FIRST NATIONAL BANK OF AUSTIN.
## DEPARTMENT OF COMMERCE, RESPONDENT.

107 N. W. (2d) 220.

January 13, 1961—No. 38,235.

*Dorsey, Owen, Barber, Marquart & Windhorst, Curtis L. Roy, Alderson, Catherwood, Kelley & Ondove,* and *Raymond B. Ondove,* for relator.

*Sidney P. Gislason,* for respondent applicants.

*Walter F. Mondale,* Attorney General, and *Harold J. Soderberg,* Assistant Attorney General, for respondent Department of Commerce.

PER CURIAM.

This proceeding is in the nature of certiorari to review orders of the Commerce Commission.

Corporate respondent is authorized to operate as a trust company under Minnesota statutes. It applied for authorization to move its place of business from Albert Lea to Austin. This authority was granted after a hearing by the Commerce Commission.

Relator appeared and participated in the hearing before the Commerce Commission as an objector to the application. It has secured a writ of certiorari from this court to review the order granting the application and the commission's subsequent order denying its petition for a rehearing.

Respondents now move to quash the writ on the grounds that this court lacks jurisdiction to review the orders and that the writ was improvidently issued as relator has no standing to object to the orders or secure a review thereof. Respondents argue that this order was authorized by Minn. St. 47.10 and subject to review by the Commerce Commission under § 45.03, but that the action is discretionary and not subject to judicial review. Respondents also seem to contend that relator does not have standing, merely as a competitor, to secure a review of this order. Relator contends that the

order was equivalent to authorization for the establishment of a new financial corporation and was governed by Minn. St. c. 45.

It appears that there are substantial questions involved here, including issues as to whether respondent trust company is subject to the statutes applicable to banks, whether § 45.07 authorizes review of an order authorizing establishment of a bank as well as of an order denying an application, and whether relator as a competitor has standing to secure a review of the order involved. However, these issues have not been fully briefed or presented to us. No showing is made that there will be any prejudice to respondents by considering this case in due course, other than the inevitable inconvenience attendant upon all litigation. It is obviously preferable that questions of such substantial and important nature as those involved here be determined after the fullest presentation to and consideration by the court. Accordingly, we deem it appropriate to deny the motion at this time without prejudice to the right of either party to make the same or similar motions at a subsequent stage of the proceedings and without any intimation of an opinion as to any of the issues involved. We suggest only that it is desirable to have full briefs and arguments upon the issues involved from the parties.

Motion denied without prejudice.